*Matter of Lahey v Kelly,* 125 AD2d 923, 924-926 [decided herewith], *supra).* (Appeal from judgment of Supreme Court, Wyoming County, Newman, J.—art 78.) Present—Doerr, J. P., Boomer, Green, Pine, and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO PAUL R. BERGERON, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: We have reviewed defendant's claims of error and we find them to be without merit.

The trial court properly exercised its discretion under CPL 60.42 (5) by refusing to receive evidence of the victim's sexual conduct with persons other than defendant *(see,* CPL 60.42). This evidence was offered by defendant to impeach the victim's testimony that she loved her husband and that her relationship with him was "fine". We agree with the trial court that it was sufficient for impeachment purposes to receive evidence that she said she was sick of her husband and wanted to leave him to live with another.

The motions pursuant to CPL 330.30 and 440.10 for a new trial on the ground of newly discovered evidence were properly denied because, as held by the trial court, the matters relied upon by defendant were within defendant's knowledge before trial. Moreover, defendant did not show that with this evidence there was a probability that the verdict would have been more favorable to him *(see,* CPL 330.30 [3]). Although the claimed newly discovered evidence would show that defendant was elsewhere on the morning of the day the rape took place, the precise time of the attack was not essential to the People's case and defendant admitted that he was alone with the victim on the afternoon of that day.

The court did not err in refusing to instruct the jury that it "could consider the failure of the complainant to make a timely disclosure of the alleged acts." Contrary to this request, the testimony showed that the victim did disclose these acts to her husband at the first opportunity. (Appeal from judgment of Ontario County Court, Henry, J.—rape, first degree.) Present—Dillon P. J., Denman, Boomer, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO PAUL R. BERGERON, Appellant. (Appeal No. 2.)—Order unanimously affirmed (same mem as in *People v Bergeron* [Appeal No. 1] 125 AD2d 927 [decided herewith]). (Appeal from order of Ontario County Court, Henry, J.—CPL 440.10.) Present—Dillon, P. J., Denman, Boomer, Pine and Balio, JJ.